# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 409 | **DATE** | 12/3/10 |
| **CASE TITLE** | Glenn Verser (N-72074) v. Partha Ghosh | | |

**DOCKET ENTRY TEXT:**

The court denies the motions to dismiss filed by Defendants Parham, Pito, and Hunter [67] and by Dr. Tamer Atassi [90]. Within 30 days of the date of this order, these defendants must answer the second amended complaint or otherwise plead. Plaintiff's motion for the entry of default against Dr. Ben Jasper Bryant and Nurse Tonya [97] will be addressed at the court's next status hearing. Plaintiff's petition to file an amended complaint [102] is denied.

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

By second amended complaint, Plaintiff Glenn Verser, a Stateville inmate, asserts the following. In April 2009, he received a colonoscopy at the University of Illinois at Chicago Hospital. One or more polyps were removed during the procedure. Following Plaintiff's return to Stateville, he began hemorrhaging and was taken to the emergency room of another hospital, where he remained for several days and was given several units of blood. Plaintiff's suit names numerous Stateville officers and doctors, as well as private physicians with respect to the medical care he received during his hospital stays. The court allowed the second amended complaint to proceed against most of the defendants named in the second amended complaint. Currently before the court are two motions to dismiss: one filed by Dr. Tamer Atassi, a gastroenterologist at Provena Medical Center, and another filed by Stateville Officers Parham, Pito, and Hunter. Plaintiff has filed responses to both motions. For the following reasons, the court denies both motions to dismiss.

When considering a motion to dismiss, this court assumes to be true all well-pleaded allegations and views the alleged facts, as well as any inferences reasonably drawn therefrom, in a light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits of its claims. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n.1 (7th Cir. 1996). Under the notice pleading requirement, a complaint need only state a federal claim and provide the defendants with sufficient notice of the claim, including the grounds upon which the claim rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint, however, must at least "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007). A complaint must do more than recite the elements of a cause of action, and a court need not accept mere labels and legal conclusions as factual allegations. *Bell Atlantic*, 550 U.S. at 555. Nor must a court presume facts not alleged. *Id.* Additionally, if a plaintiff pleads facts demonstrating that he has no claim, a court may dismiss the complaint. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).
**(CONTINUED)**

isk

With respect to the defendants who filed the current motions to dismiss, Plaintiff's Second Amended Complaint alleges the following. On April 9, 2009, he returned to Stateville, one day following the removal of polyps during a colonospcopy. He was placed in his cell at Stateville within 24 hours of his return. At approximately at 2 p.m. on April 9th, he began "hemorrhaging profusely." (R. 57, Second Amended Compl., ¶ 16.) Plaintiff began calling for help, and Officer Parham responded fifteen minutes later. Parham stated that he had to screen Plaintiff for a medical emergency. Parham allegedly refused to radio for assistance after Plaintiff told him that he was bleeding badly. (*Id.*) Shortly thereafter, Sergeant Hunter approached Plaintiff's cell and requested to know the medical emergency. "After approximately 15 minutes of arguing with Ms. Hunter, she placed Verser in a downstair[s] waiting cell (bull-pen) for approximately 30 more minutes." (*Id.*, ¶ 17.) Plaintiff states that, during this time, he told Officer Pito that he was bleeding to death. Pito allegedly went into his office and ignored Plaintiff's complaints. (*Id.* ¶ 18.) Plaintiff arrived at Stateville's emergency room at 3:10 p.m., an hour and ten minutes after he began bleeding. (*Id.*, ¶ 19.)

Plaintiff was ultimately taken to Provena Medical Center emergency room. The emergency room doctor allegedly allowed Plaintiff to bleed for four hours, and the gastroenterologists at Provena (Drs. Atassi and Hussein), had ordered that he be discharged despite his low blood level. (*Id.* ¶ 33.) Plaintiff began hemorrhaging again just before his discharge and subsequently received two units of blood. (*Id.*, ¶ 34.)

Defendants Parharm, Hunter, and Pito argue that Plaintiff has pleaded himself out of court because his allegations demonstrate that they did not act with deliberate indifference. Parham contends that, according to the second amended complaint, he responded to Plaintiff's calls for help, did not ignore Plaintiff's need for medical attention, and sought to screen the nature of Plaintiff's emergency. (R. 68, Motion to Dismiss, 4.) Parham suggests that Plaintiff's allegation that Hunter arrived within 15 minutes demonstrates that Parham did not ignore Plaintiff's complaints. (*Id.*, 4-5.) Hunter contends that, according to Plaintiff's allegations, the only claim against her is at most a 45-minute delay with getting Plaintiff to the prison's emergency room. (*Id.*, 5.) Pito contends that the only allegation against him is that he refused Plaintiff's requests for immediate medical attention after Hunter had placed Plaintiff in the holding cell. Pito argues that, because Sergeant Hunter had already tended to Plaintiff, there was nothing Pito could do. He further contends that, like Hunter, Plaintiff's claim against Pito at most is a 45-minute delay with getting Plaintiff medical attention.

"[A] prison official may evidence deliberate indifference by failing to treat or delaying the treatment of a serious medical need." *Langston v. Peters*, 100 F.3d 1235, 1241 (7th Cir. 1996) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). For liability to exist the medical need must be objectively serious and the prison officer's reaction must have amounted to deliberate indifference, i.e. a conscious disregard of a known serious risk of harm. *Langston*, 100 F.3d at 1241. Relying on *Lan gston*, Defendants Parham, Hunter, and Pito all contend that a 45-minute to an hour delay cannot establish deliberate indifference as a matter of law. In *Langston*, an inmate who had been raped was delayed one hour before getting medical attention. The Seventh Circuit held that such a delay was not unreasonably long, noting that the court had previously found a delay of two hours for an x-ray and examination for a broken bone not unreasonable. *Langston*, 100 F.3d at 1241 (citing *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995).

Contrary to the Defendants' contention, this court cannot say that a wait time of one hour before getting an inmate to the prison's emergency room never amounts to deliberate indifference. "[T]he length of delay that is tolerable depends on the seriousness of the condition and the ease of providing treatment." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010); *see also Brown v. Hughes*, 894 F.2d 1533, 1538-39 (11th Cir.1990) (deliberate indifference existed where inmate with a broken foot was delayed treatment for a few hours).

Unlike the situations in *Langston* and *Murphy*, Plaintiff's medical condition involved profuse bleeding from his colon, which could be considered as requiring more immediate attention. Plaintiff's assertions that these three officers delayed getting Plaintiff to the prison's emergency room, even if only for one hour, state valid claims. **(CONTINUED)**

| STATEMENT (continued) |
|---|

Accordingly, Parham, Hunter, and Pito's motion to dismiss is denied. The court notes, however, that to succeed on these claims, Plaintiff will have to show that the hour delay caused him an injury. *Langston*, 100 F3d at 1241; *see also Martin v. Tyson*, 845 F.2d 1451, 1458 (7th Cir. 1988) (both cases rejecting deliberate indifference claims for delay in treatment in part because prisoner failed to produce any evidence of injury caused by the delay). But, at this stage of the proceedings, Parham, Hunter, and Pito must answer the second amended complaint or otherwise respond.

With respect to Dr. Atassi, Plaintiff has also stated a claim. Dr. Atassi contends that Plaintiff does specifically state what Dr. Atassi's role was at Provena Hospital. Dr. Atassi notes that Plaintiff instead only generally refers to "doctors" and "physicians." Dr. Atassi further argues that Plaintiff does not state that a drop in his blood level at Provena caused him "discomfort or a cognizable injury." (R. 92, Atassi Motion to Dismiss, 3.) Dr. Atassi also contends that Plaintiff has asserted baseless allegations that Dr. Atassi is a state actor. According to Dr. Atassi, he has no contract with the State, and he treated Plaintiff only because he was called by a Provena emergency room doctor to provide a gastroenterology consult. (*Id.*, 6.)

A reasonable inference from Plaintiff's complaint is that Dr. Atassi, as the gastroenterology consult at Provena, is one of the "doctors" and "physicians" who allegedly wanted to discharge Plaintiff despite his low blood level. (R. 57, Second Amended Compl., ¶¶ 33-34.)

Whether Dr. Atassi is not a state actor that cannot be sued for deliberate indifference under § 1983 cannot be determined from the complaint. Dr. Atassi is correct that to state a § 1983 claim, Plaintiff must allege a constitutional violation by a state actor. *See Jones v. Wilhelm*, 425 F.3d 455, 465 (7th Cir. 2005). In *West v. Atkins*, 487 U.S. 42, 51-54 (1988), the Supreme Court held that a private physician who contracts with a state prison to provide medical services at the prison acts under color of state law for purposes of § 1983. Whether a private doctor at a hospital who provides medical services to an inmate may also be considered a state actor is not clear in this circuit. *See Estate of Rice ex rel. Rice v. Correctional Medical Services,* No. 06 CV 697, 2009 WL 1748059, 16 (N.D. Ind. 2009) ("The Seventh Circuit hasn't addressed this issue.") More information about the arrangement between Provena and the prison may be needed to make such a determination. Nevertheless, even if Dr. Atassi is not a state actor, Plaintiff may join state claims of medical malpractice with his federal claims of deliberate indifference in this suit. Where the "state-law negligence claim relates to the same set of operative facts as [an inmate's] Eighth Amendment claim for deliberate indifference," this court may exercise supplemental jurisdiction over the state claims. *Edwards v. Snyder*, 478 F.3d 827, 832 (7th Cir. 2007).

Under either a deliberate-indifference or a medical-malpractice standard, the court cannot conclude that Plaintiff's allegations are insufficient to state a claim. Plaintiff asserts that the Provena doctors chose not to treat an obvious blood loss problem and sought instead to discharge Plaintiff. Such allegations may state not only claims of medical malpractice but also deliberate indifference. *See Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006) (a treatment decision "so far afield of accepted professional standards" may establish deliberate indifference).

The court acknowledges, along with the Defendants, that Plaintiff's allegations suggest that he received adequate treatment insofar as he was taken to the prison's emergency room within a relatively short period of time after he began hemorrhaging, he was taken to a hospital, and he received two units of blood after he hemorrhaged again at the hospital. Plaintiff may not be able to prove that any of the decisions, by doctors or officers, were inappropriate, amounted to deliberately indifferent, or worsened his condition. But, the court cannot conclude that Plaintiff has pleaded himself out of court or that his right to relief is so speculative that his complaint may be dismissed at this stage. *See Bell Atlantic*, 550 U.S. at 555; *McCready*, 453 F.3d at 888.

Accordingly, Defendants Parham, Hunter, Pito, and Atassi's motions to dismiss are denied. These Defendants must answer the second amended complaint or otherwise plead within 30 days of the date of this order. Plaintiff's petition to file an amended complaint, which seeks to include state negligence claims, is denied. Plaintiff does not include an amended complaint with his petition and, as noted above, to the extent that defendants are not state actors, the court may consider the claims against them to be pendent state claims.